**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CENTER FOR BIOLOGICAL DIVERSITY            Civil Action No. 18-cv-2647-WYD

Petitioner,

v.

UNITED STATES FISH AND WILDLIFE SERVICE, *ET AL.,*

Respondents.

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement (Agreement) is entered into by and between Friends of Animals and the Audubon Society of Greater Denver (collectively, FOA) and Center for Biological Diversity (CBD) (collectively, Petitioners) and the United States Fish and Wildlife Service (Service), Jim Kurth, in his official capacity as Acting Director of the Service, and Ryan Zinke, in his official capacity as Secretary of the Interior (collectively, Respondents), who, by and through their undersigned counsel, state as follows:

WHEREAS, on October 3, 2014, the Service listed the western distinct population segment (DPS) of the yellow-billed cuckoo (*Coccyzus amercanus*) under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531-44, 79 Fed. Reg. 59,992 (Oct. 3, 2014);

WHEREAS, since listing the western DPS of the yellow-billed cuckoo, the Service has not published a final rule designating critical habitat or made a finding that it would not be prudent to do so;

WHEREAS, on May 4, 2017, the Service received a petition to delist the western DPS of the yellow-billed cuckoo;

WHEREAS, on November 17, 2017, FOA submitted a letter asserting that the Service had failed to timely designate critical habitat for the western DPS and stating their intent to file suit;

WHEREAS, on June 20, 2018, FOA filed a Complaint for Injunctive and Declaratory Relief in Case No. 18-cv-1544 (D. Colo.) to compel the Service to finalize a critical habitat rule by a date certain for the western DPS of the yellow-billed cuckoo;

WHEREAS, on June 27, 2018, pursuant to 16 U.S.C. § 1533(b)(3)(A), the Service published a 90-day finding on the petition to delist, concluding that the petition presents substantial scientific or commercial information indicating that delisting the western DPS of the yellow-billed cuckoo may be warranted due to information on additional habitat being used by the species, 83 Fed. Reg. 30,091 (June 27, 2018);

WHEREAS, on July 11, 2018, CBD submitted a letter asserting that the Service had failed to timely designate critical habitat for the western DPS and stating their intent to file suit;

WHEREAS, on October 17, 2018, CBD filed a Complaint for Injunctive and Declaratory Relief in Case No. 18-cv-2647 (D. Colo.) to compel the Service to finalize a critical habitat rule by a date certain for the western DPS of the yellow-billed cuckoo;

WHEREAS, the Service is currently preparing a 12-month finding to determine whether delisting the western DPS of the yellow-billed cuckoo is warranted pursuant to 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Petitioners' claims, have

reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of all disputes set forth in Petitioners' respective complaints;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Petitioners' respective complaints;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. The Service shall submit to the Federal Register for publication a proposed regulation to designate critical habitat for the western DPS of the yellow-billed cuckoo on or before August 5, 2019, unless, by that date, the Service has published a 12-month finding that delisting the western DPS of the yellow-billed cuckoo is warranted. If the Service publishes a 12-month warranted finding on or before August 5, 2019, the parties shall meet and confer to negotiate in good faith alternative deadlines for the proposed critical habitat rules and ESA Section 4(b)(6) determination, taking into consideration the warranted finding. The parties shall jointly file within 30 days of the publication of the 12-month finding a notice of the new agreed-upon deadlines or, if they are unable to reach agreement on deadlines, the parties shall file a notice requesting that the court set deadlines for further proceedings in this case.

2. If the Service submits for publication a proposed regulation to designate critical habitat on or before August 5, 2019, then the agency shall submit to the Federal Register for publication a determination as required under Section 4(b)(6) by August 5, 2020, unless by that date the Service has published a 12-month finding that delisting the western DPS of the yellow-billed cuckoo is warranted. If the Service publishes a 12-month warranted finding on or before August 5, 2020, the parties shall meet and confer to negotiate in good faith alternative deadlines for the proposed critical habitat rule and Section 4(b)(6)

determination, taking into consideration the warranted finding. The parties shall jointly file within 30 days of the publication of the 12-month finding a notice of the new agreed-upon deadlines or, if they are unable to reach agreement on deadlines, the parties shall file a notice requesting that the court set deadlines for further proceedings in this case.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that any party seeks to modify the terms of this Agreement other than as contemplated in Paragraphs 1 or 2, in the event of a dispute arising out of or relating to this Agreement, or in the event that another party has failed to comply with any term or conditions of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other parties with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, any party may seek relief from the Court.

4. In the event that Respondents fail to meet a deadline specified in this Agreement and have not sought to modify it, Petitioners' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described in Paragraph 3, above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. Without waiving any defenses or making any admissions, Respondents agree to pay FOA a total of $8,735.86 in attorneys' fees and costs. FOA agrees to accept the $8,735.86 from

    Respondents in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Petitioners reasonably incurred in connection with Case No. 18-cv-1544 through the signing of this Agreement.

6. FOA agrees to furnish Respondents with the information necessary to effectuate the payment of $8735.86 set forth by Paragraph 5. Payment will be made to FOA by electronic funds transfer. Respondents agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, within ten (10) days from receipt of the necessary information from FOA or from approval of this Agreement by the Court, whichever is later.

7. By this Agreement, Respondents do not waive any right to contest fees and costs claimed by FOA or FOA's counsel in any future litigation or continuation of the present action.

8. CBD agrees to bear its own attorneys' fees and costs through the signing of the Agreement.

9. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as relevant evidence with regard to any issue whatsoever, including what does or does not constitute a reasonable time for making a determination regarding critical habitat for any listed species or what does or does not constitute a reasonable amount of attorneys' fees for any type of proceeding.

10. This Agreement only requires that Respondents take the actions specified in Paragraphs 1, 2, 5, and 6. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Respondents take action in contravention of the ESA, the Administrative Procedure Act (APA), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion

accorded the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any final rule issued in accordance with this Agreement, Petitioners will be required to file a separate action. Petitioners reserve the right to challenge the substantive decisions made by Respondents referred to in Paragraph 2 above, and Respondents reserve the right to raise any applicable claims or defenses.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Respondents are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement none of the parties waives or relinquishes any legal rights, claims or defenses it may have that are not specifically and explicitly waived or relinquished herein.

13. The terms of this Agreement constitute the entire agreement of the parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as may be expressly stated herein, this Agreement supersedes all prior agreements, negotiations, and discussions between the parties with respect to the subject matter addressed herein.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Petitioners' respective complaints shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of the Agreement and to resolve any motions to modify such terms. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

DATED: December 21, 2018

Respectfully submitted,

/s/ Michael Harris
Michael Ray Harris
Director, Wildlife Law Program
Friends of Animals
7500 E. Arapahoe Rd., Ste. 385
Centennial, CO 80112
Telephone: (720) 949-7791
Email: michaelharris@friendsofanimals.org
JENNIFER BEST
Assistant Director, Wildlife Law Program
Friends of Animals
7500 E. Arapahoe Rd., Ste 385
Centennial, CO 80112
Telephone: (720) 949-7791
Email: jennifer@friendsofanimals.org

/s/ Brian Segee
Brian Segee
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
Telephone: (805) 750-8852
Email: bsegee@biologicaldiversity.org

        JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

*/s/ Mary Hollingsworth.*
MARY HOLLINGSWORTH
Trial Attorney (Arizona Bar # 027080)
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1898
Email: mary.hollingsworth@usdoj.gov

*Attorneys for Federal Respondents*

## CERTIFICATE OF SERVICE

    I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

/s/ Mary Hollingsworth
MARY HOLLINGSWORTH